UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-05(01)-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RICKY JOHNSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Recommended Disposition regarding Defendant Ricky Johnson's competency to stand trial. [Record No. 60] Following an evaluation conducted by licensed forensic psychologist Judith Betsy Campbell, PhD., at the Federal Medical Center in Lexington, Kentucky [Record No. 47, p. 2], United States Magistrate Judge Hanly A. Ingram held a competency hearing and issued a Recommended Disposition. [Record Nos. 57, 60] After reviewing all relevant materials, Magistrate Judge Ingram concluded that Johnson is competent to proceed to trial. [Record No. 60, p. 12] Having fully considered the matter, the Court will adopt the magistrate judge's recommendation in full.

While this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when

neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154–55 (6th Cir. 1986). Here, although Johnson has not filed timely objections to the magistrate judge's Recommended Disposition, the Court has examined the record *de novo* and agrees with his conclusions.

Dr. Campbell correctly applied the standard for competency outlined in *Dusky v. United States*, 362 U.S. 402 (1960), as codified in 18 U.S.C. § 4241(a), in determining that Johnson is competent. [Record No. 47, p. 7] As summarized by Magistrate Judge Ingram, Dr. Campbell administered two psychological tests to Johnson, had him complete a personal history questionnaire, and personally interviewed the defendant. [*Id.*, pp. 2–3] In addition, she considered phone interviews with Johnson's attorney and the Assistant United States Attorney. [*Id.*] While the defendant scored in the Low Average Range and Borderline Range on the Wechsler Adult Intelligence Scale, Fourth Edition (WAIS-IV), Dr. Campbell noted that his answers to trial-related questions indicated that he "understands the various participants and proceedings, is able to understand and discuss the charges against him, and is able to assist his attorney in preparing his defense if he so chooses." [*Id.*, pp. 4–5] Ultimately, Dr. Campbell concluded that "No Diagnosis" was appropriate for Johnson. [*Id.*, p. 6]

Magistrate Judge Ingram indicated that Dr. Campbell testified at the competency hearing after listening to the testimony of other witnesses, who described the defendant's

major depressive and generalized anxiety disorders. [Record No. 60, p. 11] Dr. Campbell testified that a defendant can be both anxious and depressed and remain competent to stand trial, concluding that this described Johnson's situation. [*Id.*, p. 10] Dr. Campbell's testimony and opinion were based on a fully-developed view of the defendant's mental capacity and understanding.

Further, Magistrate Judge Ingram properly considered the testimony of the outpatient therapist, the nurse practitioner, the defendant's brother, and the defendant's wife, which supported Dr. Campbell's conclusions. [Record No. 60, pp. 4−6] For example, outpatient therapist Angela Damron testified that one of the sources of Johnson's anxiety and depression was this case. [*Id.*, p. 4] She further testified that the defendant never demonstrated a break from reality. [*Id.*] Nurse practitioner Cathy Gibson confirmed that Johnson's understanding of the criminal process triggered his symptoms. [*Id.*, p. 5] In addition, on cross-examination, Johnson's brother admitted that the defendant's anxiety began with the criminal investigation, and that he believes that the defendant fears returning to jail. [*Id.*, p. 6] Johnson's wife confirmed these beliefs. [*Id.*] Thus, the testimony strongly suggests that Johnson's depression and anxiety stem from his understanding of the nature and consequences of the proceedings against him. As a result, the testimony supports Dr. Campbell's conclusion that Johnson is competent to stand trial.

As outlined in his Recommended Disposition, the magistrate judge found little evidence to support a finding that the defendant is not competent, and found nothing that would permit an incompetency finding by a preponderance of the evidence. [Record No. 60,

p. 12] Moreover, the evidence indicates that Johnson is able to understand the nature and consequences of the proceedings and can properly assist in his defense.

Accordingly, it is hereby

**ORDERED** as follows:

1.   Defendant Ricky Johnson has waived all objections to the magistrate judge's Recommended Disposition regarding his competency by failing to file timely objections.

2.   Notwithstanding the defendant's waiver, based on the Court's *de novo* review, the Recommended Disposition of Magistrate Judge Hanly A. Ingram [Record No. 60] is **ADOPTED** and **INCORPORATED** herein by reference.

3.   The Court has reviewed Dr. Campbell's report and concludes that Defendant Ricky Johnson does not suffer from a severe mental impairment that would prevent this matter from proceeding. Instead, he is able to understand the nature and consequences of the proceedings against him and is able to assist properly in his own defense.

This 27th day of October, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge